UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARK WISDOM,

               Petitioner,

        V.

JOHN GRAHAM,

               Respondent.

**REPORT AND RECOMMENDATION**

07-CV-532
(TJM/VEB)

---

## I. INTRODUCTION

Petitioner Mark Wisdom, acting *pro se*, commenced this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner is an inmate at the Auburn Correctional Facility. In 2003, he was convicted in a New York State court of Second Degree Criminal Possession of a Weapon, Third Degree Criminal Possession of a Weapon, and First Degree Reckless Endangerment. Petitioner contends that his conviction was imposed in violation of his constitutional rights and should therefore be vacated.

This matter was referred to the undersigned on November 5, 2007, by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and is presently before this Court for a report and recommendation. (Docket No. 13).

## II. BACKGROUND

**A.**     **Facts**

On March 29, 2002, officers from the City of Albany Police Department responded

to a domestic violence call in Albany, New York. (T at 48).[1]  The police were told that Petitioner had fired gunshots at his girlfriend and her brother in front of Petitioner's parents' home.  When the police observed Petitioner exit the rear of the residence with a gun, they shined a flashlight on him and shouted "Police", and a confrontation ensued.  (T at 79-81, 84-85, 113, 116-17, 118-19, 125).  Both police officers present fired their guns at Petitioner and Petitioner fled the scene.  (T at 84-86, 119-20).  On April 1, 2002, Petitioner voluntarily turned himself in to the police.  (T at 167-69).

On April 5, 2002, an Albany County Grand Jury returned Indictment Number DA 344-02, which charged Petitioner with thirteen counts including two counts of Attempted Murder in the First Degree, in violation of New York Penal Law ("NYPL") §110.00/125.27(1)(a)(i)[2] (where the intended victims were police officers); two counts of Attempted Murder in the Second Degree, in violation of NYPL §110.00/125.25(1) (referring to Petitioner's girlfriend and her brother); two counts of Criminal Possession of a Weapon in the Second Degree, in violation of NYPL §265.03(2); two counts of Criminal Possession of a Weapon in the Third Degree, in violation of NYPL §265.02(4); four counts of Reckless Endangerment in the First Degree, in violation of NYPL §120.25; and one count of Criminal Use of a Firearm in the First Degree, in violation of NYPL §265.09.

**B.    State Trial Court Proceedings**

The Honorable Thomas A. Breslin, Albany County Court Judge, presided over

---

[1] References preceded by "T" are to the transcript pages of Petitioner's trial.

[2] Unless otherwise indicated, all references to the NYPL are to McKinney 1998.

Petitioner's trial proceedings. On July 23 and September 26, 2002, a *Wade*[3] hearing was held to determine the admissibility of certain identification evidence against Petitioner. Specifically, Petitioner wanted to suppress his identification from a photo array by one of the police officers who fired shots at him on March 29, 2002. Judge Breslin denied the motion, holding that the photo array was conducted properly.

The trial began on January 6, 2003 and concluded on January 9, 2003. Petitioner was represented by Eugene Z. Grenz, Esq. At the conclusion of the trial, the jury acquitted Petitioner on the two counts of attempted murder in the first degree and found him guilty of the remaining counts of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and two counts of reckless endangerment in the first degree.[4]  (T at 365-68).

On March 14, 2003, Petitioner was sentenced to a determinate term of fifteen (15) years for his conviction of second degree criminal possession of a weapon, a determinate sentence of seven (7) years for his conviction of third degree criminal possession of a weapon; and an indeterminate sentence of two and one-third (2 1/3) to seven (7) years for each of the two counts of first degree reckless endangerment. (S at 11-12).[5]   All of Petitioner's sentences were to run concurrently. (Id.). Therefore, Petitioner's total aggregate sentence was fifteen (15) years.

---

[3]United States v. Wade, 388 U.S. 218 (1967).

[4]At the close of the People's case, Petitioner's trial counsel successfully moved to dismiss the charges of two counts of attempted second degree murder (with respect to Petitioner's girlfriend and her brother), one count of first degree criminal use of a firearm, one count each of second and third degree criminal possession of a weapon, and two counts of first degree reckless endangerment. (T at 177-78).

[5]References preceded by "S" are to the transcript pages of Petitioner's sentencing proceedings.

## C. State Appellate Proceedings

Petitioner, represented by Lance N. Salisbury, Esq., appealed his conviction to the Appellate Division, Third Department, of the New York State Supreme Court. Petitioner asserted that: (1) the evidence was legally insufficient to convict Petitioner of criminal possession of a weapon in the second and third degree and reckless endangerment in the first degree; (2) the trial court violated Petitioner's confrontation clause rights when it admitted hearsay; and (3) the evidence admitted in support of dismissal of counts from the indictment impermissibly tainted the remaining charges against Petitioner.

In a decision issued on November 10, 2005, the Appellate Division affirmed Petitioner's conviction. People v Wisdom, 803 N.Y.S.2d 781 (3d Dep't 2005). Petitioner's application for leave to appeal to the Court of Appeals was denied on March 14, 2006. People v.Wisdom, 6 N.Y.3d 840 (2006).

## D. Federal Habeas Corpus Proceedings

Petitioner, proceeding *pro se*, commenced this action on April 30, 2007, by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of New York. (Docket No. 1). On May 8, 2007, this action was transferred to the United States District Court for the Northern District of New York (Docket No. 3). In his Petition, Petitioner asserts that his Confrontation Clause right was violated by the admission of hearsay testimony. Respondent filed submissions opposing the Petition on October 16, 2007. (Docket Nos. 11 & 12). Thereafter, on January

2, 2008, Petitioner filed a Memorandum of Law in support of the Petition. (Docket No. 20).

For the reasons discussed below, this Court finds that the Petition should be DENIED.

### III. DISCUSSION

**A.	Federal Habeas Corpus Standard**

Federal habeas corpus review of a state court conviction is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under  AEDPA, federal courts must give substantial deference to a state court determination that has adjudicated a federal constitutional claim "on the merits."  28 U.S.C. § 2254(d); Sellan v. Kuhlman, 261 F.3d 303, 309-10 (2d Cir. 2001).  The Second Circuit has stated that an "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." Sellan, 261 F.3d at 313 (quotation omitted).  The Second Circuit has also held that even a one-word denial of a petitioner's claim is sufficient to constitute an "adjudication on the merits" for purposes of AEDPA.  Id. at 312-313.

Specifically, AEDPA requires that where a state court has adjudicated the merits of a Petitioner's federal claim, habeas corpus relief may not be granted unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

5

28 U.S.C. § 2254(d).

Both AEDPA and its predecessor statute recognize that a presumption of correctness shall apply to state court findings of fact, Whitaker v. Meachum, 123 F.3d 714, 715 n. 1 (2d Cir. 1997), and AEDPA requires a Petitioner to rebut that presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); LanFranco v. Murray, 313 F.3d 112, 117 (2d Cir. 2002). A presumption of correctness applies to findings by both state trial and appellate courts. Galarza v. Keane, 252 F.3d 630, 635 (2d Cir. 2001); Whitaker, 123 F.3d at 715 n.1.

In Williams v. Taylor, 529 U.S. 362, 413 (2000), the Supreme Court defined the phrases "contrary to" and "unreasonable application of" clearly established federal law. A state court decision is "contrary to clearly established federal law . . . if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Court] has on a set of materially indistinguishable facts." Id.

A state court decision involves "an unreasonable application of" Supreme Court case law if it "identifies the correct governing legal principle from [the Court's] decisions but unreasonably applies that principle to the particular facts of [a] prisoner's case." Id.

Under this standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. In order to grant the writ there must be "some increment of incorrectness beyond error," although "the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000)

6

(internal quotation marks omitted).

**B.    Petitioner's Claim**

As set forth above, Petitioner asserts that his Confrontation Clause right was violated when the trial court erred in admitting certain alleged hearsay testimony. For the following reasons, this Court finds that Petitioner is not entitled to habeas relief based upon this claim.

   **1.    Testimony of Officer Romano**

Petitioner's claim concerns the trial testimony of Officer Michael Romano, which may be summarized, in pertinent part, as follows:

Officer Romano testified that, on the night in question, he responded to a 911 emergency call regarding a possible shooting involving persons located at 62 Clinton Avenue, in the City of Albany. (T at 48). Upon his arrival, Romano attempted to interview several individuals, who were located on a sidewalk in front of the house and were "screaming, yelling, [and] hysterical." (T at 48). Officer Romano testified about his conversation with one of the individuals, Shantell Shepard. When Romano began to testify as to what Shepard said, Petitioner's trial counsel objected, arguing that the testimony was hearsay. (T at 51). The prosecution argued that Shepard's statement was not being offered for the truth of the matter asserted, but rather to explain subsequent police conduct. (T at 51). The trial court overruled the objection and allowed the testimony, but provided the jury with a specific limiting instruction. (T at 51).

   Officer Romano then testified that Shepard had told him that she had been involved

in an argument with Petitioner, her boyfriend, regarding her decision to terminate a pregnancy. According to Shepard, the argument occurred at a basement apartment located at 55 Ten Broeck Street. Shepard further told Romano that Petitioner fired shots at Petitioner and her brother, Demone Shepard, while they were leaving the basement apartment. (T at 51-52). Shepard also told Officer Romano that Petitioner was still in the 55 Ten Broeck Street residence and was "still agitated."[6] (T at 53).

Officer Romano testified that he immediately relayed this information to other police officers, who were at that time searching the residence at 55 Ten Broeck Street. (T at 53). Based upon this information, the police established a perimeter around the house, which thereafter led to the confrontation and shooting incident involving Petitioner. (T at 68, 74-75, 104).

The prosecution did not call either Shantell Shepard or her brother Demone as witnesses at trial.

### 2.   Appellate Division Ruling

On appeal, Petitioner argued that the admission of Officer Romano's testimony regarding Shepard's statements violated his rights under the Confrontation Clause of the Sixth Amendment, which applies to the states by incorporation through the Fourteenth Amendment. The Appellate Division, Third Department, considered the claim and held as follows:

> Also lacking in merit is defendant's argument that County Court improperly admitted certain statements made by a nontestifying witness to Albany Police Officer Michael Romano. Specifically, defendant challenges testimony from Romano that defendant's

---

[6]Petitioner's trial counsel renewed his objection to this statement as hearsay, but the trial court overruled the objection, finding admissible subject to the previously-provided limiting instruction.

> girlfriend told him that the initial shooting was triggered by an argument over her decision to have an abortion. These statements were admitted not to show the truth of their contents but to show the police officers' state of mind and explain their course of conduct. Inasmuch as " 'the [Confrontation] Clause ... does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted' " ( People v. Reynoso, 2 N.Y.3d 820, 821, 781 N.Y.S.2d 284, 814 N.E.2d 456 [2004], quoting Crawford v. Washington, 541 U.S. 36, 59 n. 9, 124 S.Ct. 1354, 158 L.Ed.2d 177 [2004]), the admission of the testimony did not violate defendant's constitutional right to confront the witnesses against him and was permissible.

Wisdom, 803 N.Y.S. 2d at 7783.

As noted above, the question presented to this Court on habeas review is whether the Appellate Division's decision in this regard was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

  **3. Confrontation Clause Analysis**

The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." This procedural right applies to both state and federal prosecutions. Pointer v. Texas, 380 U.S. 400, 406, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).

In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court announced "a per se bar on the admission of a class of out-of-court statements the . . . Court labeled 'testimonial' unless the declarant is unavailable and the defendant has had a prior opportunity to cross-examine the declarant regarding the statement. United States v. Feliz 467 F.3d 227, 231 (2d Cir. 2006) (citing Crawford, 541 U.S. at 59). The Second Circuit has noted that the critical issue for Crawford purposes "is whether the statement at issue is testimonial. If so, the Confrontation Clause requirements of unavailability and prior

9

cross-examination apply. If not, the Confrontation Clause poses no bar to the statement's admission." Id. at 231.

However, as a threshold matter, the admission of a statement only implicates the Confrontation Clause if the statement in question is hearsay. As the Supreme Court held in Crawford, the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." Crawford, 541 U.S. at 58 n.9; see also United States v. Paulino, 445 F.3d 211, 216 (2d Cir. 2006) ("It has long been the rule that '[s]o long as . . . statements are not presented for the truth of the matter asserted, but only to establish a context . . ., the defendant's Sixth Amendment rights are not transgressed.");

In the present case, Crawford was decided after Petitioner was convicted, but before the Appellate Division issued its decision regarding Petitioner's appeal. Indeed, as noted above, the Appellate Division quoted and relied upon Crawford in its ruling. Respondent concedes that Crawford is applicable here because it was decided before Petitioner's conviction became final.[7]

Following Crawford, the Appellate Division concluded that Petitioner's rights under the Confrontation Clause were not violated because Officer Romano's testimony did not constitute hearsay. Shepard's statement was not offered for the truth of the matter (*i.e.* to

---

[7]There is, however, an arguable question as to whether Washington v. Davis, 126 S.Ct. 2266 (2006), a case decided after Petitioner's conviction became final, should be applied retroactively. Petitioner argues in his memorandum of law (Docket No. 20) that Davis is applicable to the present case. However, while Davis clarified the Supreme Court's prior holding in Crawford regarding the application of the Confrontation Clause, this clarification does not affect this Court's analysis because, as discussed above, the statements at issue did not constitute hearsay in the first instance. As such, the question of whether the statements were "testimonial" as defined in Crawford and clarified in Davis is irrelevant.

prove that Petitioner fired shots at Shepard and her brother), but rather to explain why the police established a perimeter around the 55 Ten Broeck Street residence.  In other words, the statements were not offered to prove the alleged shooting, but to explain the course of conduct by the police and provide a context for the subsequent events.[8]  This context was relevant and necessary to explain the confrontation between the police and Petitioner, which ensued after the police established the perimeter in response to Shepard's information and which formed the basis for the weapons and reckless endangerment charges that Petitioner was ultimately convicted on.

Under New York and Federal law, evidence is not considered hearsay as long as it is not admitted to prove the truth of matter asserted therein; such evidence properly may be admitted to establish, for instance, the reasons that the police took certain actions during a criminal investigation. See, e.g., United States v. Hoffer, 869 F.2d 123, 126 (2d Cir.1989) (where statement offered simply to show how the police came to arrive at the scene, it did not fit within the definition of hearsay because it was not "offered in evidence to prove the truth of the matter asserted"); accord, e.g., United States v. Gilliam, 994 F.2d 97, 103 (2d Cir.1993) (no hearsay violation where the district court specifically admitted the statement by the anonymous caller to establish the reasons for the return of the officers to the scene, not to prove the truth of the caller's reference to the second gun); People v. Leftenant, 804 N.Y.S.2d 327,329 (2d Dept. 2005) ("In any event, there was no violation of the defendant's

---

[8]It is critical to note in this regard that all of the charges regarding the alleged shooting incident involving Shantell and Demone Shepard were dismissed by the trial court. (T at 177-78, Ex. A. at A8-14). The charges submitted to the jury concerned the subsequent confrontation and exchange of gunfire between Petitioner and the police, which occurred after the police established a perimeter around the Ten Broeck Street residence.

right of confrontation inasmuch as the evidence was admitted not for the truth of the statement, but to show the detectives' state of mind and to demonstrate how the police investigation evolved.").

Petitioner has failed to demonstrate that the trial court's finding, as affirmed by the Appellate Division, that the statement in question did not constitute hearsay was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  Accordingly, because the statement at issue did not constitute hearsay, Petitioner's Confrontation Clause rights were not implicated and he is not entitled to habeas relief on this basis.  See United States v. Goldstein, 442 F.3d 777, 785 (2d Cir. 2006); Benjamin v. Washington, No. 05-CV-4372, 2007 WL 2127212, at *6 (E.D.N.Y. July 25, 2007).

### 4. Harmless Error

Moreover, any arguable error with respect to the admission of the statements was harmless.  It is well-settled that Confrontation Clause errors are subject to harmless error analysis. See United States v. Vitale, 459 F.3d 190, 195 (2d Cir.2006) (citing United States v. McClain, 377 F.3d 219, 222 (2d Cir.2004) ("It is well established that violations of the Confrontation Clause, if preserved for appellate review, are subject to harmless error review ....") (citing Coy v. Iowa, 487 U.S. 1012, 1021, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988) (holding that denial of face-to-face confrontation is subject to harmless error review); United States v. Tropeano, 252 F.3d 653, 659 (2d Cir.2001) ("[H]armless error analysis applies to evidentiary errors and to violations of the Confrontation Clause.")).

On federal habeas review of a state court criminal conviction, the applicable harmless-error standard is found in Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Fry v. Pliler, --- U.S. ----, 127 S.Ct. 2321, 2328, 168 L.Ed.2d 16 (2007) (holding that in 28 U.S.C. § 2254 proceedings, a federal court must assess the prejudicial impact of constitutional error in a state-court criminal trial under Brecht's "substantial and injurious effect" standard, whether or not the state appellate court recognized the error and reviewed it for harmlessness under the "harmless beyond a reasonable doubt" standard set forth in Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)).

"The Supreme Court clarified in Brecht v. Abrahamson, 507 U.S. [at 637, 113 S.Ct.at 1721], that a habeas corpus petition should not be granted unless the violation of constitutional rights had 'substantial and injurious effect or influence in determining the jury's verdict.' " Mingo v. Artuz, 174 F.3d 73, 78 (2d Cir.1999) (quoting Brecht, 507 U.S. at 637, 113 S.Ct. 1710) (internal quotation marks and citation omitted in original)). In other words, a habeas petitioner must demonstrate that the constitutional error at his trial resulted in "actual prejudice." Brecht, 507 U.S. at 637, 113 S.Ct. 1710; accord, e.g., Dallio v. Spitzer, 343 F.3d 553, 569 (2d Cir.2003).

In the present case, the trial court provided a limiting instruction, which directed the jury to consider Officer Romano's testimony regarding Shepard's statements only as "information the officer would receive upon which he would take action" and "not that what was said to him was true but for the fact that it was said to him he would have taken certain action based upon this information having been provided to him." (T at 51).

Given the well-established presumptions that jurors follow their instructions, the trial

13

court's limiting instruction was sufficient to cure any arguable prejudice created by the admission of the statements. See Benjamin, 2007 WL 2127212, at *6 (holding that there was no Confrontation Clause violation where "testimony was permitted at trial for the exclusive purpose of explaining . . . state of mind" and trial court provided limiting instruction); Goldstein, 442 F.3d at 785 (finding that defendant's Confrontation Clause rights were not violated where trial court "repeatedly instructed the jury that it could not consider the challenged evidence for its truth."); see generally Zafiro v. United States, 506 U.S. 534, 540-41, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993) (holding that prejudice "can be cured with proper instructions and juries are presumed to follow their instructions"); United States v. Downing, 297 F.3d 52, 59 (2d Cir.2002) (stating that "[a]bsent evidence to the contrary, we must presume that juries understand and abide by a district court's limiting instructions.").

Further, given the strength of the prosecution's case, it is highly unlikely that the admission of the statements had a substantial and injurious effect or influence in determining the jury's verdict, as required to obtain habeas relief. The prosecution presented eyewitness testimony from police officers who were present at the scene and were able to identify Petitioner as the person in possession of a handgun and the individual who fired shots at the police before fleeing the scene. (T at 84-86,113, 116-19, 123-24, 128, 135, 163).

Accordingly, this Court finds that Petitioner is not entitled to habeas corpus relief based upon the alleged violation of his rights under the Confrontation Clause.

## IV. CONCLUSION

For the reasons stated above, the Court recommends Mark Wisdom's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that the Petition be dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

DATED:   January 30, 2008

Syracuse, New York

Victor E. Bianchini
United States Magistrate Judge

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

January 30, 2008

_____
Victor E. Bianchini
United States Magistrate Judge