**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MARK WISDOM,**

                    **Petitioner,**

      **vs.**                                                   **07-CV-532**

**JOHN GRAHAM,**

                    **Respondent.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

The instant petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 was referred to the Hon. Victor E. Bianchini, United States Magistrate Judge, for a Report and Recommendation. See 28 U.S.C. § 636(b); Local Rule 72.4. The Report and Recommendation dated January 30, 2008 recommended that the Petition be denied and the action dismissed. Dkt. # 22. Petitioner, who is *pro se*, filed objections to the Report and Recommendation. Dkt. # 23.

When objections to a magistrate judge's Report and Recommendation are lodged, the Court reviews the record *de novo*. See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]. The [Court] may also receive further evidence or recommit the matter to the magistrate [judge] with instructions." Id.

Having reviewed the record *de novo* and having considered the issues raised in the

1

Petitioner's objections, this Court has determined to accept and adopt the recommendation of Magistrate Judge Bianchini for the reasons stated in the January 30, 2008 Report and Recommendation.  The Court will briefly address Petitioner's objections.

Petitioner claims that the testimony of Officer Romano constituted hearsay because, under Crawford v. Washington, 541 U.S. 36 (2004) and Washington v. Davis, 126 S.Ct. 2266 (2006), "the testimony of Officer Romano was undeniably testimonial." Pet. Obj. at 2.  However, as explained by Magistrate Judge Bianchini, Officer Romano's testimony was not offered for the truth of its contents, but to establish a context for later events, and therefore is not hearsay under New York or federal law.  See Rep. Rec. pp. 10-12.

Petitioner also claims that Magistrate Judge Bianchini erred because he "refused to consider Washington v. Davis." Pet. Obj. at 2.  Magistrate Judge Bianchini did consider Davis and correctly determined the case to be inapposite to the facts at hand.  See Rep. Rec. p. 10, n.7.  In this regard, Magistrate Judge Bianchini wrote: "[W]hile Davis clarified the Supreme Court's prior holding in Crawford regarding the application of the Confrontation Clause, this clarification does not affect this Court's analysis because, as discussed above, the statements at issue did not constitute hearsay in the first instance.  As such, the question of whether the statements were 'testimonial' as defined in Crawford and clarified in Davis is irrelevant." Id.

Finally, Petitioner claims that the error he asserts was not harmless because "[t]he identification was questionable.  Petitioner presented an alibi defense.  No physical evidence connected him to the shooting.  If not for the improperly admitted evidence, the jury would have had no basis to believe petitioner was any where [sic] near, less

2

responsible [sic], for the incident that ultimately led to the convictions." Pet. Obj. at 3. Petitioner contends that if Officer Romano's testimony had been suppressed, he would not have been convicted. Id.  This argument fails to take into account that the charges relating to the shooting incident described by Officer Romano, which preceded the shooting incident for which Petitioner was ultimately convicted, were dismissed by the trial court. Rep. Rec. at 11, n.8.  Moreover, the trial court clearly instructed the jury as to the limited and proper use of Officer Romano's testimony, which the jury is presumed to have applied.  Id. at 13-14.   Finally, the prosecution provided eyewitness testimony from police officers positively identifying Petitioner as being present at the scene, carrying a gun, and firing on police officers.  Id. at 14.  Even assuming *arguendo* that Officer Romano's testimony had been suppressed, there still existed substantial evidence from which the jury could have convicted Petitioner.

Accordingly,  it is hereby

**ORDERED** that the Petition for a writ of habeas corpus is **DENIED,** and the action is **DISMISSED.** Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, **a certificate of appealability will not issue**.

**IT IS SO ORDERED.**

DATED: April 29, 2008

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge

3

4